UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 6: 04-29-DCR |
| | ) | Civil Action No. 6: 08-7052-DCR |
| V. | ) | |
| | ) | |
| SCOTTY REECE RIDNER, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Petitioner. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

## I.

This matter is pending for consideration of Defendant/Petitioner Scotty Reece Ridner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 156] Consistent with local practice, this motion was referred to United States Magistrate Judge Robert E. Wier for consideration pursuant to 28 U.S.C. § 636(b)(1)(B). On March 24, 2010, Magistrate Judge Wier filed his report, recommending that Ridner's motion be denied. [Record No. 166] The Magistrate Judge further recommended that a Certificate of Appealability not be issued. [*Id.*]

Ridner was given fourteen days to file objections to the Magistrate Judge's Recommended Disposition. However, he has failed to file any objections as of this date. Accordingly, the Court will proceed to review this matter without the benefit of a response from the Petitioner. [Record No. 105] .

**II.**

Petitioner Ridner was indicted on April 21, 2004. The four counts included in the indictment charged Rider with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (Count 1), and possession of a shotgun with a barrel of less than 18 inches in violation of 26 U.S.C. § 5861(d) (Count 2). Before trial, the United States successfully argued that the Petitioner should not be allowed to present a necessity or justification defense. Thereafter, Ridner entered a guilty plea to the felon in possession charge (Count 1) and the associated forfeiture count (Count 3). Although Ridner reserved the right to appeal this Court's ruling regarding his necessity /justification defense, his appeal was ultimately unsuccessful.

Ridner filed his motion for habeas relief pursuant to 28 U.S.C. § 2255 on December 4, 2008. [Record No. 156] As grounds for relief, the Petitioner argues that his appellate counsel was ineffective for failing to petition for an en banc hearing before the Sixth Circuit or for a writ of certiorari from the United States Supreme Court. [*Id.*] After discussing the applicable standard of review concerning §2255 petitions, the Magistrate Judge correctly analyzed this issue. As Magistrate Judge Wier noted in his Recommended Disposition, Ridner "had no constitutional right to counsel for the purpose of petitioning for a circuit en banc rehearing or a writ of certiorari from the United States Supreme Court." Further, the Sixth Circuit's recent en banc decision in *Nichols v. United States*, 563 F.3d 240 (6th Cir. 2009) (recognizing that the Constitution does not entitle a defendant to assistance of counsel

for a discretionary appeal), supports this conclusion. In short, where there is no constitutional right to counsel there can be no deprivation of effective assistance. *Id.*

Magistrate Judge Wier also correctly noted in his Recommended Disposition that a Certificate of Appealability may issue where a movant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires that the movant demonstrate that reasonable jurist would find the court's assessment of the constitutional claims debatable or wrong. Ridner has not made such a showing here.

### III.

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal. *See United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008); *Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Nevertheless, having examined the record and having made a *de novo* determination, the Court is in full agreement with the Magistrate Judge's Recommended Disposition. Accordingly, it is hereby

**ORDERED** as follows:

1. The Magistrate Judge's Recommended Disposition [Record No. 166] is **ADOPTED** and **INCORPORATED** by reference.

2. Petitioner Ridner's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 [Record No. 156] is **DENIED**, with prejudice.

3. A Certificate of Appealability shall not issue because Petitioner Ridner has not made a substantial showing of the denial of any substantive constitutional right.

4. This habeas proceeding shall be **DISMISSED** and **STRICKEN** from the docket.

This 15th day of April, 2010.

Signed By:
*Danny C. Reeves* DCR
United States District Judge